**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FREDERICK BLOCKER, | : | Civil Action No. 07-1987 (RMB) |
| Plaintiff, | : |  |
| v. | : | **O P I N I O N** |
| CHARLES JURMAN, et al., | : |  |
| Defendants. | : |  |

**APPEARANCES:**

    Frederick Blocker, Plaintiff pro se
    #151677
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, NJ 08330

**BUMB,** District Judge

    Plaintiff Frederick Blocker, currently confined at the Atlantic County Justice Facility, Mays Landing, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.[1]

---

[1] This Court previously administratively terminated this matter based upon Plaintiff's failure to submit copies of his institutional account statements as required by 28 U.S.C. § 1915(a)(2). Based upon Plaintiff's submission of a complete

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that Plaintiff's complaint will be dismissed.

## BACKGROUND

The following facts are taken from Plaintiff's complaint and are assumed true for purposes of this review.

Plaintiff seeks to sue his public defender, Charles Jurman, for refusing to help him and for not properly doing his job in representing him.  He also seeks to sue Michael Donio, a Superior Court of New Jersey judge sitting in Atlantic County, for refusing to let him speak in the courtroom, being rude, and for unlawfully sentencing him to three years in prison.

Plaintiff asks for monetary relief for the time he has spent "illegally detained" due to the actions of these defendants.

---

application, with account statements, and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), this Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to re-open this matter and to file the Complaint.

**DISCUSSION**

**A.      Standard of Review**

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice.  See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17

(3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

**B.   <u>Section 1983</u>**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled in part on other grounds by Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

In this case, Plaintiff seeks to sue Michael Donio, in his capacity as a Judge in the Superior Court of New Jersey. Plaintiff asserts that this defendant, while in his official

4

<br />

Case 1:07-cv-01987-RMB-JS   Document 4   Filed 06/13/07   Page 5 of 6 PageID: 36

capacity, was rude to him and did not properly handle his case. However, this defendant is immune from suit in this § 1983 action. See Mireles v. Waco, 502 U.S. 9 (1991)(holding that judges are entitled to absolute immunity from § 1983 suits based on actions taken in their official judicial capacity).[2]

Further, Plaintiff names an Assistant Deputy Public Defender, Charles Jurman, as a defendant. However, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). Thus, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Id. at 325. Plaintiff's claims against this defendant concern this defendant's representation of Plaintiff in a traditional lawyer function, and thus, defendant Jurman is not subject to suit under § 1983.

---

[2] Plaintiff's assertion that this defendant sentenced him illegally to three years imprisonment should be raised in the course of Plaintiff's criminal appeals in state court, and then, in a petition for a writ of habeas corpus to the appropriate federal court, pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973)(holding "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

5

**CONCLUSION**

Based on the foregoing, Plaintiff's complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii), and §§ 1915A(b)(1) and (2), for failure to state a claim upon which relief may be granted and for seeking relief from immune defendants. An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: June 13, 2007